IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MCKESSON MEDICAL SURGICAL, INC.**                                                                  **PLAINTIFF**

V.                                         **CASE NO. 5:23-CV-05226**

**ROBERT COMBS and**
**ATLANTIC MEDICAL SOLUTIONS, LLC**                                               **DEFENDANTS**

## TEMPORARY RESTRAINING ORDER

On December 11, 2023, Plaintiff McKesson Medical Surgical, Inc. ("McKesson") filed a Complaint and exhibits (Doc. 2), an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4), a Brief in Support of the Motion (Doc. 5), and a declaration by McKesson's corporate representative, Sean Young, (Doc. 4-1), submitted in compliance with Federal Rule of Civil Procedure 65(b)(1)(A),

As for the requirements of Rule 65(b)(1)(B), the Court notes that McKesson's counsel certified in writing that he emailed certified copies of the Motion (and attached documents) to both Defendants the same day that the documents were filed. Ten days before that, McKesson's counsel had sent each Defendant a cease-and-desist letter, advising them that unless they responded to McKesson's concerns about the misappropriation of trade secrets in writing, a lawsuit would be filed. *See* Docs. 2-3 & 2-4. McKesson made good on its threat and filed the suit and Emergency Motion on December 11th.

When there is a history of pre-suit notice and defense counsel have been retained, the Court often prefers the parties to negotiate a stand-still agreement pending the submission of oppositional briefing, promptly followed by an evidentiary hearing on the

1

request for preliminary injunctive relief. To that end, on December 12th and 13th, the Court emailed Defendants to inquire about the timing of appearances of their counsel. The Court specifically asked whether Defendants wished to be heard on the handling of the TRO motion; if so, the Court requested defense counsel to enter their appearances by December 15th. The Court was given to understand that counsel would be promptly appearing—but as of yet, they have not. Consequently, the Court now proceeds ex parte.

The standard for analyzing a request for a temporary restraining order is the same as for a preliminary injunction. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022). The Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Ng v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 997 (8th Cir. 2023) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

According to McKesson, Mr. Combs signed certain restrictive covenants and is now violating them in his new job with AMS—McKesson's competitor. Mr. Combs allegedly solicited the same customers he formerly serviced when he worked for McKesson, and he has induced them to purchase competing products offered by AMS. Further, McKesson claims Mr. Combs is actively misusing McKesson's highly confidential and trade secret information, including customer lists (current and prospective), customer needs and preferences, proprietary pricing and margins, and targeted sales and

2

marketing strategies.   The Court finds that McKesson has demonstrated a likelihood of success on the merits and a threat of irreparable harm that cannot be remedied through money damages alone.   In addition, the Court finds that balance of the equities and the public interest weigh in favor of granting McKesson temporary relief.

**IT IS THEREFORE ORDERED** that the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4) is **GRANTED IN PART** as to the request for a temporary restraining order but is **HELD IN ABEYANCE** as to the request for preliminary injunction.   The Court **ORDERS** as follows:

1. Defendants and any person in active concert with them are temporarily enjoined from possessing, using, or disclosing any of McKesson's confidential, proprietary, and/or trade secret information.

2. Defendant Combs and any person in active concert with him is temporarily enjoined from directly or indirectly soliciting any of McKesson's customers within his former assigned territory.

3. Defendants are to *immediately* return to McKesson all originals and copies of all files, devices, and/or documents that contain or relate to McKesson's confidential, proprietary, and trade secret information, including without limitation, all computers, electronic media, PDA's and electronic storage devices; in a manner that preserves all relevant evidence including electronic metadata.

4. Defendants are to immediately preserve all documents, data, and electronic information and to produce for inspection and imaging all computers and

       other electronic storage devices and email accounts belonging to, under the control of, accessible to, or operated by the Defendants on which any McKesson information was used, stored, or transmitted.

5. **This Order shall expire fourteen (14) days after entry**, unless good cause is shown for an extension or the parties mutually consent to a longer extension.

6. The Court will set a preliminary injunction hearing by separate Order.

7. As Defendants have not entered their appearances in the case, McKesson's counsel is **ORDERED** to promptly serve a true and correct copy of this Order on both Defendants as well as their respective counsel, if known.

**IT IS SO ORDERED** on this 22nd day of December, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE